IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

US BANK NATIONAL ASSOCIATION  :  CIVIL ACTION
:
v.  :
:
PNC BANK N.A., ET AL.  :  NO. 14-2845

MEMORANDUM

Dalzell, J.                                                                 October 2, 2015

## I.  **Introduction**

We consider here cross-motions for summary judgment filed by plaintiff U.S. Bank National Association ("U.S. Bank") and defendants PNC Bank N.A. ("PNC") and Jennifer Jones ("Jones").

U.S. Bank brings this action against defendant PNC claiming breach of contract, negligence and disparagement of title, and against both PNC and Jones for an action to quiet title and equitable relief.[1]

We have diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

Both plaintiff and defendants move for summary judgment.  For the reasons set forth below, we will deny plaintiff's motion for summary judgment in its entirety, grant defendants' motions for summary judgment in regards to all U.S. Bank claims, and enter judgment for PNC and Jones and against U.S. Bank.

---

[1] U.S. Bank had also brought an action against Univest Bank and Trust Co., but we dismissed Univest from this case after the parties resolved their dispute.  See July 9, 2015 Order (docket entry #44).

II.    **Legal Standard**

Parties may move for summary judgment pursuant to Fed. R. Civ. P. 56(a) on any claim or defense in the case, and the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Id.

A party moving for summary judgment bears the initial burden of informing the district court of the basis for its argument that there is no genuine issue of material fact by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the moving party meets this initial burden, Fed. R. Civ. P. 56 then obliges the non-moving party to show, via submissions beyond the pleadings, that there are genuine factual issues for trial.  Id. at 324.

There is a genuine issue of material fact only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (explaining further that a mere scintilla of evidence is insufficient).  Material facts are those that would affect the outcome of the case under the governing law.  Id. at 248.  We may not make credibility determinations or weigh the evidence, and we must draw all reasonable inferences in favor of the non-moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Amour v. County of Beaver, PA, 271 F.3d 417, 420 (3d Cir. 2001).  Our function is to determine whether there is a genuine issue for trial, and we may not prevent a case from reaching a jury simply because we favor one of several reasonable views of

the evidence.  Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Anderson, 477 U.S. at

249).

We treat cross-motions for summary judgment as if they were distinct, independent

motions, and must rule on each party's motion on an individual and separate basis.  Beneficial

Mut. Sav. Bank v. Stewart Title Guar. Co., 36 F. Supp. 3d 537, 544 (E.D. Pa. 2014) (citing

Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008)).  In evaluating each motion,

we must consider the evidence in the light most favorable to the non-moving party. Trinity

Industries, Inc. v. Chicago Bridge & Iron Co., 735 F.3d 131, 134-35 (3d Cir. 2013).

We recount the undisputed material facts as stipulated by the parties.

## III.   Statement of Facts

Nicholas Massi executed a mortgage ("Massi Mortgage") in the amount of $223,750.00

with Princeton Mortgage Corporation encumbering the real property known as 7 Towpath Way,

New Hope, Pennsylvania ("the Property") on January 15, 1999.  Statement of Uncontested

Material Facts ("SMF") at ¶¶ 1-2.  Four days later, Princeton assigned this mortgage to The

Provident Bank ("Provident").  Id. at ¶ 3.  Nicholas Massi transferred the Property to Dean and

Kendall Massi by deed dated June 14, 2001 and recorded on March 8, 2002.  Id. at ¶ 12.  Dean

and Kendall Massi subsequently executed a separate mortgage in the amount of $249,900.00

with PNC, and this mortgage was recorded on March 15, 2003.  Id. at ¶ 13.[2]

U.S. Bank contends that on April 25, 2006, Provident assigned the Massi Mortgage to

U.S. Bank.  Id. at ¶ 6.  U.S. Bank asserts that a document it has in its possession entitled

"Assignment of Mortgage/Deed of Trust," see Docket Entry #43, serves as proof of this

assignment. Defendants dispute the authenticity of said document because U.S. Bank's corporate

---

[2] This mortgage is not in issue here.

designee did not know where the document came from nor did she know 'Lela Deroden, Vice President of Litton Loan Servicing,' the person who allegedly signed the document on behalf of U.S. Bank.  Nichelle Jones Dep. at 45: 8-25, 46: 1-3.  The parties do agree, however, that neither U.S. Bank nor its representative recorded an assignment of the Massi Mortgage from Provident to U.S. Bank.  SMF at ¶ 7.

PNC foreclosed on the separate Dean and Kendall Massi mortgage and on May 13, 2008, obtained a judgment in mortgage foreclosure against the Property in the amount of $177,786.55.  Id. at ¶ 14.  The Property was listed and sold at a sheriff's sale on January 8, 2009 to Michael Mayro.  Id. at ¶¶ 15-16.  Mayro took title to the Property pursuant to a Sheriff's Deed dated January 8, 2009 and recorded on January 12, 2009.  Id.  Soon after, defendant Jennifer Jones purchased the Property from Mayro and acquired title through a deed dated April 24, 2009 and recorded on April 30, 2009.  Id. at ¶ 19.

Ten days prior to closing, Mayro sent a letter via fax to National City Bank, the successor to Provident, requesting that National City Bank release the lien of the Massi Mortgage because the mortgage had been paid in full.  Id. at ¶ 20.  The letter included a title report from Jones's title company that listed the Massi Mortgage as one of the encumbrances on the Property.  Def. Mot. Summ. J. at Ex. 12.  Carol White, an employee of National City Bank, processed the request from Mayro and researched the Massi Mortgage.  Id. at ¶ 21.  National City Bank had no record of an active or open loan secured by the mortgage on the property, and National City Bank did not have an imaged copy of the Massi Mortgage in its system.  Id. at ¶¶ 22-23.

Upon receiving a request to satisfy a mortgage, White's practice was to also search the public records for, among other things, an assignment of the subject mortgage.  Id. at ¶ 27.  She found no recorded assignment of the Massi Mortgage.  Id. at ¶ 25.  White further reviewed

Schedule B of a title search provided by Mayro to National City Bank which did not list an assignment of the Massi Mortgage from Provident to U.S. Bank. Id. at ¶ 26.  National City Bank processed Mayro's request to release the Massi Mortgage because it had no record of an active or open loan secured by the Massi Mortgage on the Property, as U.S. Bank had not filed an assignment of record on said mortgage. Id. at ¶ 27.  Had U.S. Bank recorded the assignment of the Massi Mortgage, National City Bank would not have processed the request to release the Massi Mortgage. Id. at ¶ 28.

National City Bank, as the successor to Provident, was authorized to satisfy mortgages held by Provident. Id. at ¶ 29.  White sent Mayro a form letter on April 22, 2009, advising that National City Bank had sent a release instrument for the Property to the applicable county recorder's office. Id. at ¶ 30.  On the same day, Mayro forwarded this letter to Jones's title agent. Id. at ¶ 31.  Debra Ward, another employee of National City Bank, signed a Satisfaction of Mortgage ("Satisfaction") with regard to the Massi Mortgage on or about May 26, 2009. Id. at ¶ 32.  Ward was designated as an authorized representative of National City Bank to sign the Satisfaction. Id. at ¶ 35.  The Satisfaction was recorded on June 1, 2009, and it post-dated National City Bank's April 22, 2015 letter and the closing of the Property because of the time it took to process the Satisfaction. Id. at ¶ 36.  PNC became the successor by merger to National City Bank on November 6, 2009. Id. at ¶ 5.

Jones closed on the Property on April 24, 2009. Id. at ¶ 37.  Prior to closing, Jones did not receive copies of the correspondence between Mayro and National City Bank, nor did she review the Commitment for Title Insurance. Id. at ¶ 39.  Jones also, prior to closing, had no actual knowledge of the Massi Mortgage, the assignment of the Massi Mortgage to U.S. Bank, or any mortgage liens against the Property. Id. at ¶ 40.  Jones had no such knowledge because no

assignment of the Massi Mortgage had been recorded before she closed on the Property.  Id. at ¶ 41.

U.S. Bank first learned that the Massi Mortgage had been satisfied after a title search was sent to its foreclosure attorney in December of 2011.  See Nichelle Jones Tr. at 41: 14-17, 63: 6-25, 64: 1-19 and Def. Mot. at Ex. F.   On September 14, 2012, Ocwen Loan Servicing, LLC prepared an Assignment of Mortgage for U.S. Bank.  This Assignment of Mortgage purportedly assigned the Massi Mortgage to U.S. Bank.  Id. at ¶¶ 9-10.  The Assignment of Mortgage was signed by a representative of Ocwen Loan Servicing on behalf of Litton Loan Servicing.  Id. at ¶ 11.  No one at PNC signed this Assignment of Mortgage and no one at PNC directed anyone to sign this Assignment on its behalf.  Id. at ¶ 11.

## IV.    <u>Discussion</u>

Plaintiff U.S. Bank has moved for summary judgment against defendants PNC and Jones with regards to its claim to have the Satisfaction expunged and the Massi Mortgage restored against the Property and Jones. Defendant PNC has moved for summary judgment in regards to the breach of contract, negligence, disparagement of title, and quiet title/equitable relief claims brought by U.S. Bank.  PNC also moves for summary judgment against defendant Jones's cross-claim seeking indemnification.  Finally, defendant Jones moves for summary judgment against U.S. Bank regarding its claim where it seeks to have the Satisfaction expunged and the Massi Mortgage restored against the Property and Jones.  We consider the parties' motions for summary judgment separately and in turn.

A.     __Plaintiff U.S. Bank's Motion for Summary Judgment__

U.S. Bank moves for summary judgment and seeks to have the Satisfaction of the Massi Mortgage expunged and have that mortgage restored against the Property and Jones.  In support of its motion, U.S. Bank asserts that the Satisfaction of the Massi Mortgage was entered in error and must be expunged and that the Massi Mortgage should be reinstated against Jones because Jones had constructive notice of the mortgage and was therefore not a bona fide purchaser entitled to protection under Pennsylvania's recording statute.  We find that Jones was a bona fide purchaser and that Pennsylvania law dictates we deny U.S. Bank's motion for summary judgment.

Pennsylvania is a "race-notice" jurisdiction, as its recording statute states that any unrecorded deed or conveyance "shall be adjudged fraudulent and void as to any subsequent bona fide purchaser" that first records her mortgage.  21 P.S. § 351.  An assignment is considered a conveyance under the Pennsylvania recording statute.  United States v. Green, No. 96-7275, 1998 WL 167278, at *12 (E.D. Pa. 1998) (citing Fries v. Null, 26 A. 554, 557 (Pa. 1893)).  Pennsylvania's recording statute was intended to protect bona fide purchasers who give value for land.  Long John Silver's, Inc. v. Fiore, 386 A.2d 569, 573 (Pa. Super. Ct. 1978) (citing Lund v. Heinrich, 189 A.2d 581 (Pa. 1963)).  Pennsylvania law defines a bona fide purchaser as someone who purchases real property and has no notice or knowledge of a prior interest in that property.  Roberts v. Estate of Pursley, 718 A.2d 837, 841 (Pa. Super. Ct. 1998).  Notice can be actual or constructive, and a purchaser is deemed to have constructive notice of the existence of a mortgage or assignment when such documents are properly recorded.  First Citizens Nat. Bank v. Sherwood, 879 A.2d 178, 180 (Pa. 2005).  A purchaser can also have constructive notice when she "could have learned by inquiry of the person in possession and of others who, they had

reason to believe, knew of facts which might affect the title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds." Lund, 189 A.2d at 585.  The fundamental principle underlying Pennsylvania's recording statute is to  protect bona fide purchasers is that "where one of two innocent persons must suffer, he whose neglect made the injury possible should bear the loss." Haggerty v. Moyerman, 184 A. 654, 656 (Pa. 1936).

Here, it is undisputed that U.S. Bank failed to record the assignment of the Massi Mortgage to it from Provident.  SMF at ¶ 7.  It is also undisputed that Jones's mortgage was recorded on April 30, 2009 after she purchased the Property on April 24, 2009.  Id. at ¶ 19.  Both parties further agree that Jones had no actual notice of the Massi Mortgage or the alleged assignment of the Massi Mortgage to U.S. Bank when she purchased the Property in 2009.  Id. at 39.  U.S. Bank argues, however, that Jones was not a bona fide purchaser despite U.S. Bank's failure to record because Jones had constructive notice of the Massi Mortgage, which was on record and had not yet been satisfied at the time she purchased the Property.  Pl.'s Mem. of Law Supp. Mot. at 8.

We disagree.  It is true that the Massi Mortgage remained of record for more than a month after Jones closed on the Property.  SMF at ¶¶ 36-37.  Jones's title company, however, undertook an extensive inquiry to uncover and rectify any title defects on the Property.  The title company found records of the Massi Mortgage and its assignment to Provident Bank.  Def. Mot. at Ex. 12.  The seller of the Property, Mayro, then asked National City Bank (Provident's successor) to satisfy the Massi Mortgage.  Id.  National City Bank agreed to satisfy the mortgage after an extensive search that found no record of the Massi Mortgage's assignment to U.S. Bank. SMF at ¶¶ 21-27.  It is undisputed that, had U.S. Bank recorded its assignment, National City Bank would not have satisfied the Massi Mortgage.  Id. at 28.   Jones proceeded with the closing

only after her title company received a letter from National City Bank stating that it had sent a release instrument for the Property to the applicable county recorder's office on April 22, 2009. Id. at ¶ 33.  The mortgage was indeed satisfied and the Satisfaction recorded on June 1, 2009. Id. at ¶ 36.

In sum, Jones, through her title company, took all necessary steps to discover any mortgages affecting the Property.  She concluded that the Massi Mortgage was not an encumbrance on the Property because the only known holder of the mortgage, National City Bank, agreed to satisfy the mortgage and promptly did so.  The fact that the Massi Mortgage was satisfied after Jones purchased the Property does not alter our analysis. Jones further had no way to learn about U.S. Bank's interest in the mortgage because U.S. Bank failed to record the mortgage's assignment to it.  We therefore find that Jones did not have constructive notice of any encumbrances on the Property arising from the Massi Mortgage, and therefore Jones was a bona fide purchaser of the Property.

Our finding here is consistent with the fundamental principle underlying Pennsylvania's recording statute, namely, that when one of two innocent parties must suffer, the one whose neglect caused the injury bears the responsibility.  Haggerty, 184 A. at 656.  Here, it is clear that U.S. Bank's neglect caused the injury at the heart of this dispute.  U.S. Bank failed to record the assignment of the Massi Mortgage.  SMF at ¶ 7.  This mistake caused National City Bank to satisfy the Massi Mortgage, something U.S. Bank admits would not have happened had it recorded the assignment in the first place.  Id. at 28.  Jones's reliance on National City Bank's assurance that the Massi Mortgage would be satisfied was not in error since National City Bank did satisfy the mortgage and recorded it, removing the Massi Mortgage as an encumbrance on the Property.  Id. at ¶¶ 33, 36.

U.S. Bank further avers that the mortgage was improperly satisfied and thus must be restored, but Pennsylvania law says otherwise. An improperly satisfied mortgage may be stricken and the mortgage reinstated only if rights of innocent third parties, such as bona fide purchasers, are not adversely affected. See First National Bank v. Rockefeller, 5 A.2d 205 (Pa. 1939). While we reach no conclusion as to whether the mortgage was improperly satisfied, we do conclude that we cannot reinstate the Massi Mortgage because doing so would affect the rights of Jones, an innocent third party by way of her being a bona fide purchaser.

Finally, U.S. Bank cites two cases, In re Rag East, LP, No. 12-2454, 2013 WL 796616 at *9 (Bankr. W.D. Pa. 2013), and Leedom v. Spano, 647 A.2d 221 (Pa. Super. Ct. 1994), for the proposition that a mortgage survives notwithstanding a wrongful satisfaction and subsequent bona fide purchaser. Neither of these cases applies to this dispute. In In re Rag East, a federal bankruptcy court reinstated a mortgage that was fraudulently satisfied after someone forged the signature of the mortgage holder's managing director. Id. at *3-4. The Court there noted that Primerock, the mortgage holder, had recorded its mortgage before the bona fide purchasers bought the Property, and concluded that Primerock could not be held liable for a forgery that claimed to have satisfied its mortgage. Id. at *6-7. The situation was similar in Leedom, where the purchasers bought a property based on a forged mortgage release. Id. at 224-25. There, the Court found that the mortgage should be reinstated because the purchasers could not "point to any knowledge, duty, or negligence by (the mortgage holder) related to the forged mortgage release which entitles them to impute (the mortgage holder) with responsibility for it." Id. at 229.

The dispute before us did not arise as a result of forgery or circumstances outside of the mortgage holder's control. This case arose from the failure of the mortgage holder, U.S. Bank,

to record the assignment of the Massi Mortgage to it almost six years before Jones purchased the Property.  U.S. Bank is not a victim of forgery or other misconduct as was the case in <u>Leedom</u> and <u>In re Rag East</u>.  Instead, U.S. Bank is the victim of its own carelessness and poor business practices.[3]  We therefore reject U.S. Bank's assertion that Pennsylvania law requires us to reinstate the mortgage notwithstanding a wrongful satisfaction and subsequent bona fide purchaser.

For the foregoing reasons, we will deny U.S. Bank's motion for summary judgment in its entirety.

### B.    <u>Defendant PNC's Motion for Summary Judgment</u>

Defendant PNC also moves for summary judgment on all of U.S. Bank's claims and against defendant Jennifer Jones as to her cross-claim against PNC seeking indemnification.  We focus here only on PNC's motion for summary judgment as it pertains to U.S. Bank.[4]

U.S. Bank asserts claims against PNC for (i) breach of contract; (ii) negligence; (iii) disparagement of title; and (iv) quiet title and equitable relief.  We decide whether any of these claims survive PNC's motion for summary judgment by analyzing each claim separately.

### i.    <u>Breach of Contract</u>

U.S. Bank first brings a claim against PNC for breach of contract.  To maintain a cause of action for breach of contract, a plaintiff must show (1) the existence of a contract between the two parties; (2) breach of a duty imposed by the contract; and (3) damages resulting from said

---

[3] We do not assert that U.S. Bank was guilty of poor business practices.  Instead, its own corporate agent admits that the company did not record an assignment unless there was a foreclosure or some other court action.  <u>See</u> Nichelle Jones Tr. at 59: 3-16.

[4] Jones's cross-claim against PNC is moot given that we will grant summary judgment and enter judgment for both PNC and Jones and against U.S. Bank.

breach.  Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1125 (Pa. Super. Ct. 2004)

(citing CoreStates Bank v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

 While we are unconvinced that U.S. Bank has proved the existence of any contract with

PNC, we view the evidence in the light most favorable to the non-movant and therefore assume

for the purposes of our analysis that the alleged assignment of the Massi Mortgage from

Provident Bank to U.S. Bank constitutes a contract between PNC, the successor to Provident,

and U.S. Bank.

 We do not believe, however, that the evidence in any way supports U.S. Bank's assertion

that PNC has breached any alleged contract between the parties.  U.S. Bank avers that the

contract contained an implied agreement that PNC would "refrain from doing anything that

would destroy or injure" U.S. Bank's interest in the Massi Mortgage, Pl.'s Mem. Opp'n Defs.

Mot. Summ. J. at 8-9, and that PNC breached this implied agreement when it satisfied the Massi

Mortgage in 2009.  Pennsylvania law states that:

> [i]n the absence of an express provision, the law will imply an
> agreement by the parties to a contract to do and perform those
> things that according to reason and justice they should do in order
> to carry out the purpose for which the contract was made, and to
> refrain from doing anything that would destroy or injure the other
> party's right to receive the fruits of the contract.

Daniel B. Van Campen Corp. v. Bldg. & Const. Trades Council, 195 A.2d 134, 136-37 (Pa.

Super. Ct. 1963).  U.S. Bank's assertion that PNC breached an implied agreement in the contract

fails for two reasons.  First, an implied agreement can only be created in the absence of an

express provision, and the alleged contract contains an express provision relating to PNC's future

conduct towards the Massi Mortgage.  In fact, the document which U.S. Bank relies upon to

prove the existence of a contract between the parties explicitly states that "**THIS**

**ASSIGNMENT** is made without recourse, representation or warranty, express or implied." <u>See</u> Assignment of Mortgage at Docket Entry #43 (emphasis and caps in original).

Even if there were no express provision in the contract, U.S. Bank's claim would still fail because PNC's predecessor discharged its duties once it transferred ownership of the Massi Mortgage to U.S. Bank. The assignment of the Massi Mortgage was the sole performance required of Provident in the contract, and the terms of the contract do not imply the need for Provident or its successors to take any future steps to protect U.S. Bank's interest in the Massi Mortgage.

U.S. Bank failed to protect its interests under the alleged contract when it did not record this assignment. It now seeks to have this Court create an implied agreement which never existed and that runs counter to an express term within the contract. We will not so oblige U.S. Bank and will therefore grant PNC's motion for summary judgment on U.S. Bank's breach of contract claim.

ii. **Negligence**

PNC next moves for summary judgment on U.S. Bank's negligence claim. PNC avers that U.S. Bank's claim falls outside of Pennsylvania's two-year statute of limitations on a cause of action for negligence. 42 P.S. § 5524. The statute of limitations begins to run when the right to bring the suit arises. <u>Morgan v. Petroleum Products. Equipment Co.</u>, 92 A.3d 823, 828 (Pa. Super. Ct. 2014) (citing <u>Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.</u>, 468 A.2d 468, 471 (Pa. 1983)). This general rule has an exception in the discovery rule, which tolls the running of the statute of limitations "until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's

conduct." <u>Crouse v. Cyclops Industries</u>, 745 A.2d 606, 611 (Pa. 2000) (citing <u>Pearce v. Salvation Army</u>, 674 A.2d 1123, 1125 (Pa. 1996)).

It is clear under the general rule that U.S. Bank's negligence claim is barred by Pennsylvania's statute of limitations.  The Satisfaction of the Massi Mortgage was recorded on June 1, 2009, SMF at ¶ 36, and U.S. Bank filed the complaint initiating this case on May 19, 2014 (docket entry #1).  This gap of almost five years between the time the right to bring suit arose and the time the complaint was filed makes clear that the statute of limitations on causes of action for negligence in Pennsylvania bars U.S. Bank's claim.

We are not convinced that the discovery rule applies to this case. U.S. Bank, a sophisticated financial institution, waited over two years after the Satisfaction of the Massi Mortgage to investigate the status of a mortgage in default.  While we think U.S. Bank reasonably should have known about the Satisfaction shortly after it occurred, we view the evidence in light most favorable to U.S. Bank, the non-movant, and assume for our analysis that the discovery rule applies to the case before us.[5]

But even if, as U.S. Bank contends, the discovery rule applies to this case, U.S. Bank still failed to file its claim within two years of learning about the Satisfaction of the Massi Mortgage. It is well settled law in Pennsylvania "that knowledge of an agent, acting within the scope of his authority, real or apparent, may be imputed to the principal, and therefore, knowledge of the agent is knowledge of the principal." <u>W.C.A.B. v. The Evening Bulletin</u>, 445 A.2d 1190, 1192 (Pa. 1982) (internal citations omitted).  Our Court of Appeals has stated that "[i]t is, of course, beyond cavil that the attorney-client relationship is an agent-principal relationship." <u>McCarthy</u>

---

[5] On this issue we are guided by <u>White v. Owens-Corning Fiberglas Corp.</u>, 668 A.2d 136, 144 (Pa. Super. Ct. 1995), which states that the point where the complaining party should reasonably be aware that he has suffered an injury is a factual issue best determined by a jury.

v. Recordex Service, Inc., 80 F.3d 842, 853 (3d Cir. 1996).  A representative from U.S. Bank admitted that U.S. Bank requested a title search on the Property in December of 2011 in preparation of foreclosure proceedings and that the title search, which revealed that the Massi Mortgage had been satisfied, was sent to U.S. Bank's foreclosure attorney in 2011.  Nichelle Jones Tr. at 41: 14-17, 63: 6-25, 64: 1-19 and Def. Mot. at Ex. F.  U.S. Bank claims that it did not know about the results of this title search until May 22, 2012, see Pl.'s Mem. of Law Opp'n Def.'s Mot. Summ. J. at 7.  The evidence does not support this assertion.  Since the foreclosure attorney, an agent of U.S. Bank, knew of the Satisfaction in December of 2011, U.S. Bank had notice of PNC's actions at that time.  U.S. Bank filed its complaint in May of 2014 -- more than two years after it had notice of the Satisfaction, and therefore its claim is barred by Pennsylvania's statute of limitations.[6]

We will therefore grant PNC's motion for summary judgment on U.S. Bank's negligence claim.

### iii.    Disparagement of Title

PNC next moves for summary judgment on U.S. Bank's claim for disparagement of title. Disparagement or slander of title is "the false and malicious representation of the title or quality of another's interest in goods or property."  Forman v. Cheltenham Nat. Bank, 502 A.2d 686, 688 (Pa. Super. Ct. 1985).  A plaintiff must show malice by the defendant in order to prevail in a disparagement or slander of title action.  Id.   The statute of limitations for a disparagement or

---

[6] The irony of U.S. Bank asserting a claim for negligence when its own neglect brought about this suit has not escaped us.  While U.S. Bank's negligence would likely fail on other grounds as well, we need not analyze the claim further since it is time-barred by the statute of limitations.

slander of title action is one year.  Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co., 809

A.2d 243, 247 (Pa. 2002) (citing 42 P.S. § 5523).

U.S. Bank's claim for disparagement of title is barred by Pennsylvania's one-year statute

of limitations using any applicable date.  The Satisfaction was recorded on June 1, 2009.  SMF at

¶ 36.  U.S. Bank had notice of the Satisfaction through its attorney in December of 2011.

Nichelle Jones Tr. at 41: 14-17, 63: 6-25, 64: 1-19 and Def. Mot. at Ex. F.  U.S. Bank claims it

finally learned about the Satisfaction on May 22, 2012.  The complaint in this matter was filed in

May 2014.  All of the relevant dates at which the clock for the statute of limitations on this action

could have started to run occurred more than a year prior to the filing of this suit.  Moreover,

U.S. Bank has presented no evidence of malice on the part of PNC, an element that is required

for a disparagement of title claim.

We will therefore grant PNC's motion for summary judgment as to U.S. Bank's

disparagement of title claim.


### iv.     Quiet Title and Equitable Relief

Lastly, PNC moves for summary judgment on U.S. Bank's quiet title and equitable relief

claims.  A quiet title action may be brought to determine any right, lien, title, or interest in land

or to determine the validity or discharge of any document affecting said interests.  See Pa. R.

Civ. P. 1061 and Grossman v. Hill, 122 A.2d 69, 71 (Pa. 1956).  Pennsylvania authorized the

remedy of quiet title to "unify into one single procedure all of the diverse procedures by which

clouds on title were formerly tried."  Siskos v. Britz, 790 A.2d 1000, 1006 (Pa. 2002).  PNC has

asserted no interest in the Massi Mortgage or the Property.  Its satisfaction of the Massi

Mortgage is not a claim of title but instead a rejection of title to the Property.  There is thus no

"cloud" of title and no controversy between the parties as to interest in the Property or the Massi

16

Mortgage, and we will therefore grant PNC's motion for summary judgment as to U.S. Bank's quiet title claim.

Our analysis of U.S. Bank's equitable relief claim is less straightforward.  When considering equitable claims, "courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests."  Lemon v. Kurtzman, 411 U.S. 192, 201 (1973).  Relief in equity "flows from the sound discretion of the chancellor," and it is "not the province of equity to compel the performance of unreasonable things."  Topley v. Buck Ridge Farm Const. Co., 374 A.2d 976, 980 (Pa. Commw. Ct. 1977).  In cases of equity courts must test the appropriateness of a particular form of relief by "balancing the seriousness of the injury against the cost of avoiding it and the importance of the conduct causing it."  Dexter v. Bebenek, 327 A.2d 38, 39 (Pa. 1974).  And when the parties' rights "are clearly established by defined principles of law, equity should not change or unsettle those rights."  Piper v. Tax Claim Bureau of Westmoreland County, 910 A.2d 162, 164 (Pa. Commw. Ct. 2006) (quoting First Fed. Sav. and Loan Ass'n v. Swift, 321 A.2d 895, 897 (Pa. 1974)).

U.S. Bank requests that we order the expungement of the Satisfaction and restore its lien position against the Property.  Compl. at ¶¶ 47-48.  National City Bank, the predecessor to PNC, satisfied the Massi Mortgage despite having no record of the loan or an imaged copy of the mortgage in its system.  SMF at ¶¶ 22-26.  And the parties agree that National City Bank would have never satisfied the Massi Mortgage had U.S. Bank recorded the assignment of the mortgage.  Id. at ¶ 28.  The practical reality of this situation is that, while both PNC and U.S. Bank appear to have made mistakes with regard to the Massi Mortgage, this case is before us primarily because U.S. Bank failed to record the assignment of the Massi Mortgage.

Moreover, our balancing of the injury and the cost of avoiding such injury weighs heavily against U.S. Bank.  The cost of avoiding this injury for U.S. Bank was minimal as it simply had only to record the assignment to protect its interest in the Massi Mortgage.  Its conduct (or lack thereof) was the direct cause of this controversy as the parties admit that the Massi Mortgage would not have been satisfied had U.S. Bank recorded the assignment. The seriousness of U.S. Bank's injury -- losing its interest in the Massi Mortgage -- does not outweigh the reality that U.S. Bank could have readily avoided this predicament by recording the assignment.

Finally, as we have stated earlier, Pennsylvania law does not support any action by this Court to expunge the Satisfaction and restore U.S. Bank to its lien position against the Property. Pennsylvania law is pellucid that we should not reinstate an improperly satisfied mortgage when doing so would harm an innocent party, and a subsequent bona fide purchaser is considered an innocent party.  See First National Bank v. Rockefeller, 5 A.2d 205 (Pa. 1939).  We have already determined that Jones was a bona fide purchaser, and thus we cannot expunge the Satisfaction as doing so would harm her interests.  We have further determined that restoring U.S. Bank to its lien priority is improper since Pennsylvania's "race-notice" recording statute protects a bona fide purchaser who has recorded her interest in real property against another's unrecorded interests in said property.  See, e.g., Long John Silver's, Inc., 386 A.2d at 573 (stating that the purpose of Pennsylvania's recording statute is to protect bona fide purchasers); Roberts, 718 A.at 841 (maintaining that a buyer of property is a bona fide purchaser when she has neither actual or constructive notice of unrecorded interests); Haggerty, 184 A. at 656 (declaring that the fundamental principal underlying the Pennsylvania recording statute is that the person whose neglect caused the harm bears responsibility).  Granting the equitable relief U.S. Bank seeks in

its claims against PNC would unsettle these established principles of law and is thus inappropriate.

We will therefore grant PNC's motion for summary judgment as to U.S. Bank's claim for equitable relief.

### C.       Defendant Jones's Motion for Summary Judgment

Defendant Jennifer Jones also moves for summary judgment on U.S. Bank's quiet title and equitable relief claims.  Jones asserts that she is entitled to judgment as a matter of law on this claim because she is a bona fide purchaser for value who had no notice that the Massi Mortgage was an encumbrance upon the Property.  We agree.

Earlier in this opinion, we extensively examined the issue of whether Jones was a bona fide purchaser under Pennsylvania's recording statute.  To summarize:  Pennsylvania's recording statute protects bona fide purchasers for value who have recorded their interest in real property against unrecorded liens, deeds, or conveyances.  21 P.S. § 351.  A bona fide purchaser is someone who purchases real property without notice or knowledge of a prior interest in the property.  Roberts, 718 A.2d at 841.  Notice can be actual or constructive, and a person has constructive notice when she "could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect the title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds."  Lund, 189 A.2d at 585.  Pennsylvania courts have stated that the fundamental principle underlying the Pennsylvania recording statute is that "where one of two innocent persons must suffer, he whose neglect made the injury possible should bear the loss."  Haggerty, 184 A. at 656.

Here, it is undisputed that U.S. Bank failed to record the assignment of the Massi Mortgage before Jones recorded her deed to the Property.  SMF at ¶¶ 7, 19.  It is also undisputed

that Jones had no actual knowledge of the Massi Mortgage or the assignment of the Massi Mortgage when she purchased the Property.  Id. at ¶ 39.  Jones further had no constructive notice of the Massi Mortgage as an encumbrance on the Property.  Jones and her title company undertook an extensive inquiry to uncover and rectify any title defects on the Property, and she proceeded with closing on the Property only after National City Bank said that it would satisfy the Massi Mortgage.  Id. at ¶ 33 and Def. Mot. at Ex. 12.  The Massi Mortgage was shortly thereafter satisfied and the Satisfaction was recorded on June 1, 2009.  Id. at ¶ 36.

As we stated earlier, Jones, through her title company, took all necessary steps to discover any mortgages levied against the Property.  She concluded that the Massi Mortgage was not an encumbrance on the Property because the only known holder of the mortgage, National City Bank, agreed to satisfy the mortgage and promptly did so.  Jones had no way to learn about U.S. Bank's interest in the mortgage because U.S. Bank failed to record its assignment.  We therefore find that Jones had no constructive notice of any encumbrances on the Property arising from the Massi Mortgage, and therefore Jones was a bona fide purchaser of the Property.

We further find, as we discussed previously, that U.S. Bank's contention that a mortgage survives notwithstanding a wrongful satisfaction and a subsequent bona fide purchaser has no merit.  Both cases cited by U.S. Bank in support of this proposition, In re Rag East, LP and Leedom, involved instances where mortgages were fraudulently satisfied as a result of forgery.  The mortgage holders in those cases had no way to prevent the harm done to them.  The case before us has its genesis not in forged documents or fraudulent actions by a party, but in U.S. Bank's failure to record its assignment of the Massi Mortgage.  It bears repeating what we wrote earlier:  U.S. Bank is not the victim of forgery or misconduct, but instead is the victim of its own carelessness and poor business practices.

We will therefore grant Jones's motion for summary judgment on U.S. Bank's claims for quiet title and equitable relief.

**V.**     **Conclusion**

There are no disputed material facts in this case, and therefore we find that a trial is unnecessary and summary judgment is warranted.  Defendants PNC and Jones are entitled to a judgment as a matter of law based on the facts before us.  We will therefore grant PNC's motion for summary judgment against U.S. Bank in its entirety, deny as moot PNC's motion to dismiss Jones's cross-claim for indemnification, grant Jones's motion for summary judgment against U.S. Bank in its entirety, deny U.S. Bank's motion for summary judgment in its entirety, dismiss as moot Jones's cross-claim against PNC, and enter judgment for PNC and Jones and against U.S. Bank.

BY THE COURT:


 _/S/ Stewart Dalzell, J._
Stewart Dalzell, J.